HAWK (PARKER v.). See Case No. 10,737.

HAWKE, The (UNITED STATES v.). See Case No. 15,331.

HAWKEYE STEEL BAR FENCE CO. (WASHBURN & M. MANUF'G CO. v.). See Case No. 17,218.

HAWKINS, In re. See Case No. 3,700.

## Case No. 6,243.

### HAWKINS v. COX et al.

[2 Cranch, C. C. 173.] [1]

Circuit Court, District of Columbia. June Term, 1819.

NEGOTIABLE INSTRUMENTS—PROMISSORY NOTE— ILLEGAL CONSIDERATION—LOTTERY.

1. The plaintiff cannot maintain an action upon a note given for the purchase of a ticket in a lottery prohibited by law.

2. A lottery for the sale of lots or lands, is within the prohibition of the Maryland act of 1792 (chapter 58).

[Cited in Smith v. Chesapeake & Ohio Canal Co., Case No. 13,024.]

Assumpsit upon a note given for the purchase of a ticket in a lottery, the prizes in which consisted of lands and lots.

Mr. Jones and Mr. Wallach, for defendant.

The note was given for an illegal consideration, namely, a ticket in a lottery prohibited by the act of Maryland of 1792 (chapter 58), the first section of which makes it unlawful for any person within the state, without the permission of the legislature, to propose to the public any scheme of a lottery to be drawn within the state, or of a lottery for the disposal of any kind of property within the state, under the penalty of £500. And by the second section, if any person shall sell, or offer to sell, within the state, any ticket in any lottery, not authorized by the legislature of the state, he shall forfeit £10 for every ticket so sold, or offered for sale. This act was adopted as the law of this part of the District of Columbia, by the act of congress of the 27th of February, 1801 [2 Stat. 103].

Mr. Law, contra, contended—

1. That this was not such a lottery as was contemplated by the first section of the act.

2. That the second section of the act does not prohibit the sale of tickets in any lottery not prohibited by the first section.

3. It does not make void the contract or the note.

4. The statute is not applicable to this district. A lottery now authorized by the legislature of Maryland would not be a lawful lottery here. Nor would a lottery now prohibited by the legislature of Maryland, be, for that reason, an unlawful lottery here.

THE COURT (nem. con.) was of opinion that the lottery was within the Maryland

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

statute of 1792 (chapter 58), which was adopted by the act of congress of the 27th of February, 1801, with the other laws of Maryland, and that the consideration of the note being unlawful, the plaintiff was not entitled to recover. Judgment for the defendants, on the case stated.